UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| East Coast Sheet Metal Fabricating Corp., d/b/a EastCoast CAD/CAM, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| Autodesk, Inc., | ) ) |
| Defendant. | ) ) |

Case No. 1:12-cv-00517-JL

**Stipulated Order Regarding Pretrial Discovery**

EastCoast and Autodesk, ("the parties") hereto stipulate and agree to the following regarding discovery, service, and production of documents and electronically stored information:

1. **Expert Discovery.** The parties agree that Fed. R. Civ. P. 26(b)(4) governs expert discovery in this matter.

2. **Service.** The Parties agree to the following provisions for service:

    (a) The Parties shall serve copies of all documents not served via the Court's ECF system by e-mail in .pdf format on the day of filing or submission.

    (b) Upon request by the receiving party, discovery requests shall also be served in Microsoft Word format.

    (c) For all documents delivered by electronic mail in accordance with this paragraph that contain information protected by the Stipulated Protective Order, the Parties shall password-protect the attached files in accordance with the provisions set forth therein.

(d) E-mail service shall be effected by sending the documents for EastCoast to Pedersen@StadheimGrear.com and Service@stadheimgrear.com; for Autodesk to rnelson@nkmlawyers.com, dlaplaca@donovanhatem.com, and dperreault@gtpp.com.

**3. Document Production.** The Parties agree to the following provisions with regard to production of electronically stored information and paper documents in this action:

(a) Documents will be produced as OCR'd, text-searchable, single-page tiff images with production numbers, appropriate confidentiality designations and load files (Concordance and Opticon load files for EastCoast, and Summation load files for Autodesk). In affixing production numbers, EastCoast and Autodesk will use appropriate designations that identify the producing party.

(b) If there are difficulties viewing or printing tiff images, EastCoast and Autodesk agree to respond to reasonable requests for native-file versions of produced documents (e.g., for large Excel files that are not formatted to print in a usable form).

(c) EastCoast and Autodesk recognize that it may not be practicable to convert certain types of files to tiff images, e.g., , Excel files, etc. Those files will be produced in native-file format.

(d) An ASCII text delimited file shall be produced setting forth the metadata fields, as reasonably applicable, as follows:

Beginning Document Bates Number
Ending Document Bates Number
Beginning Attachment Bates Number
Ending Attachment Bates Number
Custodian/Source where available
Date Sent (for emails)

       Date Last Modified (for all non-email documents)
       To/From/CC/BCC (for emails)
       Author (for all non-email documents)
       File Path

(e) EastCoast and Autodesk reserve the right to request that additional metadata fields be set forth or provided for certain specified electronic documents upon review of the other party's production. EastCoast and Autodesk reserve their respective rights to object to any such request.

(g) Scanned documents should be logically unitized (i.e., to preserve page breaks between documents and otherwise allow separate documents to be identified).

(g) EastCoast and Autodesk agree to bear their own costs for the production of documents that are reasonably available.

(h) If a document is produced in litigation or otherwise collected and preserved for purposes of this case, a party's obligation to otherwise preserve that document is discharged. Any party may continue following its normal document retention policies or practice as to any such produced or collected documents.

(i) EastCoast and Autodesk agree that a privilege/redaction log shall be provided within 30 days from the date of the first document production and supplemental privilege logs shall be produced, where needed, every 30 days thereafter until the close of discovery.

(j) If a party receives documents in response to a third-party subpoena in this matter, EastCoast and Autodesk agree that the receiving party will provide the other party with copies of the production within seven business days following receipt from the third party. To the extent possible, EastCoast and Autodesk agree that the receiving

party will attempt to provide those copies at least three business days prior to any deposition of the producing third party.

(k) The following provisions will govern the request and production of email.

i. General production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence (collectively "email"). To obtain email parties must propound specific email production requests.
ii. Email production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms and proper timeframe.
iii. Each requesting party shall limit its email production requests to a total of ten custodians per producing party for all such requests. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for up to five additional custodians per producing party, upon showing a distinct need based on the size, complexity, and issues of this specific case. Should a party serve email production requests for additional custodians beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, the requesting party shall bear all reasonable costs caused by such additional discovery.
iv. Each requesting party shall limit its email production requests to a total of twenty-five search terms per custodian per party. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for up to five additional search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (*e.g.*, "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (*e.g.*, "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (*e.g.*, "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery. Should a party serve email production requests with search terms beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, the requesting party shall bear all reasonable costs caused by such additional discovery.

(l) The receiving party shall not use ESI that the producing party asserts is attorney-client privileged or work product protected to challenge the privilege or protection.

(m) Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding.

(n) The parties agree that any documents that are designated for production and have family relationships to other documents (whether as parents to attachments, or as attachments to parents) shall be produced with their associated family documents with all attachment relationships preserved.

(o) The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.(p) The parties agree to follow Federal Rule of Evidence 502 and Federal Rule of Civil Procedure 26(b)(5)(B) with respect to both electronic and paper discovery, such that the attorney-client privilege is not waived when an inadvertent disclosure of attorney-client privileged material is made after taking reasonable precautions against such a disclosure, and taking reasonable steps to rectify the error. Federal Rule of Civil Procedure 26(b)(5)(B) requires that inadvertently disclosed material protected by attorney-client privilege or prepared in preparation for trial must be returned, sequestered, or destroyed, and cannot be disclosed, if inadvertently produced. If privileged material is inadvertently disclosed during discovery, the party who becomes aware of the disclosure shall immediately inform the other party of all pertinent facts relating to such disclosure and shall make every effort to retrieve the inadvertently disclosed information and prevent disclosure by any unauthorized recipient. This obligation is expressly imposed on both the producing and the receiving parties. The inadvertent production of any privileged documents shall be without prejudice to any claims that the document is

privileged, and shall not constitute a waiver of any privilege that may otherwise attach, providing the producing party notifies the other party within ten (10) days of the discovery of such inadvertent production. Such production shall not be deemed a general waiver of such privilege. Upon a demand of the producing party, within ten (10) days of its discovery of such inadvertent production and not later than the date on which the producing party files a motion for summary judgment, all copies of any inadvertently provided documents shall be returned immediately. Nothing in this paragraph shall preclude a non-producing party's right to seek whatever relief it deems necessary with respect to such returned documents.

SO ORDERED:

Entered this 18th day of July 2013

Hon. Joseph N. Laplante
United States District Judge