UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

East Coast Sheet Metal Fabricating Corp. d/b/a EastCoast CAD/CAM

v. Civil No. 12-cv-517-JL

Autodesk, Inc.

**SUMMARY ORDER**

Before the court are the parties' competing proposals for a blanket protective order governing the production of source code during discovery in this patent infringement case. That the court is called upon to choose between these proposals comes as something of a surprise, as the court offered to resolve the parties' disagreements concerning source code production at the Preliminary Pretrial Conference, but was met by the parties' assurances that they would be able to reach agreement.

The defendant's optimism was evidently not encouraged by the plaintiff's proposed protective order, which the defendant claims "calls for unlimited production of the entire source code without consideration of relevancy." Deft.'s Memo. in Supp. of Proposed Prot. Order (document no. 46) at 2. That description is inaccurate. The plaintiff's proposal, as is common for blanket protective orders in cases involving intellectual property, does not "call for" production of anything. It merely governs how source code designated confidential should be treated if and when it is produced. Whether and when source code should be produced

under the plaintiff's proposal remains dependent upon (a) the parties seeking production of that material and (b) its discoverability under Federal Rule of Civil Procedure 26(b).

The defendant's proposal, on the other hand, seeks to narrow the scope of discovery to less than that permitted by Rule 26(b). Whereas that rule permits "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense", the defendant wishes to limit discovery of source code if production of the source code is not "necessary to fully analyze the operation of the instrumentality at issue" and if "production of other materials demonstrates the operation of the instrumentality at issue." Deft.'s Proposed Prot. Order (document no. 46-1) at 11, ¶¶ 10.5, 10.6.

The court may restrict the scope of discovery under Rule 26, but only upon a showing of "good cause." See Fed. R. Civ. P. 26(c)(1)(D). The defendant has not made such a showing. It asserts that its proposal for curbing the scope of discovery is in line with "the preference of courts to impose a 'necessity standard' for the production of source code." Deft.'s Memo. in Supp. of Proposed Prot. Order (document no. 46) at 1. The defendant's contention that courts have such a "preference," however, is belied by the various protective orders the defendant itself has submitted to the court, none of which contain any

provision that limits the scope of source code discovery in the manner that the defendant has proposed.[1] See generally documents nos. 46-5 through 46-9. The court accordingly will not adopt defendant's proposal for limiting the scope of discovery.

Nor will the court adopt the defendant's proposal for the handling of whatever source code is produced in discovery in this case. While that proposal is comprehensive, and more thorough than the plaintiff's proposal, the plaintiff's proposal is sufficient to protect the parties' interests. There are three omissions from the plaintiff's proposal, however, that must be remedied:

- The proposal does not define the circumstances under which material may be designated "CONFIDENTIAL SOURCE CODE."
- Although the plaintiff's memorandum claims that its proposal includes a patent prosecution bar, no such bar appears in the proposal.
- The proposal contains no provision for the return or destruction of paper and electronic copies of source code after the conclusion of this litigation.

---

[1]While the defendant has cited a handful of federal district court cases in support of its contention, those cases show only that courts may be reluctant to order production of source code with questionable relevance to the litigation where the source code in question is extremely valuable and its disclosure could cause immense harm to its owner. Here, however, the defendant seeks to limit discovery of any and all source code, even if it is plainly relevant to the litigation and its value minimal. None of the defendant's cited cases supports such a broad restriction (and, indeed, as the plaintiff notes, the Federal Circuit has rejected it, see Baron Servs., Inc. v. Media Weather Innovations LLC, 717 F.3d 907, 913 n.9 (Fed. Cir. 2013)).

The parties are therefore directed to meet and confer on these three issues in an attempt to reach agreement. **On or before August 9, 2013**, they shall file a joint proposed protective order, based on the plaintiff's proposal, that contains clauses addressing the three omissions identified above.[2]

**A final note:** the court's adoption of the plaintiff's proposal does not mean that it is now open season for discovery of source code. The plaintiff has asked this court to order the defendant "to make available for inspection, without limitation, all of the source codes of the accused products that have been released during the term of the asserted patents." Pl.'s Br. Regarding Source Code Inspection (document no. 45-1) at 4. The court will not do so at present. As already mentioned, the scope of discovery into all topics, including source code, is delineated in Rule 26(b), and the plaintiff has not provided a sufficient explanation as to why the broad production it requests is permissible under that rule. Discovery shall proceed according to the schedule set out in this court's order of July 22, 2013. If either party believes that its opponent's requests for source code overstep the boundaries of Rule 26, then the

[2]If the parties wish to include other, mutually agreeable clauses in the joint proposed protective order filed pursuant to this order, they may do so (even if the language of those clauses deviates from the language of the plaintiff's proposal).

parties may present that issue to the court at the appropriate time, using the discovery dispute resolution procedure set forth in that order.[3]

**SO ORDERED.**

Joseph N. Laplante
United States District Judge

Dated: July 30, 2013

cc: George C. Summerfield, Esq.
Rolf O. Stadheim, Esq.
Steven R. Pedersen, Esq.
Kenneth C. Bartholomew, Esq.
Michael S. Lewis, Esq.
Thomas Tracy Aquilla, Esq.
Damian R. Laplaca, Esq.
Richard C. Nelson, Esq.
Donald J. Perreault, Esq.
Robert F. Callahan, Jr., Esq.

[3]The parties are advised that if they invoke that procedure, the court has no interest in reading or hearing about their e-mail and telephone conversations on the topic.