## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| EAST COAST SHEET METAL FABRICATING CORP., D/B/A EASTCOAST CAD/CAM,  )<br>)<br>)<br>)<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>AUTODESK, INC.,  )<br>)<br>Defendant.  )<br>) | CIVIL NO.  1:12-cv-00517JL |

## DEFENDANT AUTODESK'S
## AMENDED ANSWER TO SECOND AMENDED COMPLAINT

NOW COMES the Defendant Autodesk, Inc. ("Autodesk"), by and through its attorneys, Nelson Kinder + Mosseau PC, and amends its answers to East Coast's Second Amended Complaint.  Autodesk is amending its pleading pursuant to Fed. R. Civ. P. 15(a)(1)(B), which states, "[a] party may amend its pleading once as a matter of course within ... if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Accordingly, Autodesk answers East Coast's Second Amended Complaint and states as follows:

### THE PARTIES

1.  Autodesk is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Second Amended Complaint and, therefore, denies those allegations and puts the Plaintiff to its proof thereon.

1

2.   Autodesk admits it is a Delaware corporation with worldwide headquarters at 111 McInnis Parkway, San Rafael, California 94903.  Autodesk denies the balance of the allegation in Paragraph 2.

## NATURE OF THE ACTION

3.   Paragraph 3 of the Second Amended Complaint recites conclusions of law which require no response.  To the extent that a response is required, Autodesk denies those allegations and puts the Plaintiff to its proof thereon.

## JURISDICTION AND VENUE

4.   Paragraph 4 of the Second Amended Complaint recites conclusions of law which require no response.  To the extent that a response is required, Autodesk denies those allegations and puts the Plaintiff to its proof thereon.

5.   Paragraph 5 of the Second Amended Complaint recites conclusions of law which require no response.  To the extent that a response is required, Autodesk denies those allegations and puts the Plaintiff to its proof thereon.

## THE FACTS

6.   Autodesk admits that the relationship between Autodesk and East Coast dates back to January of 2004.  However, Autodesk denies that the legal term "partnership" is appropriate to describe that relationship; the relationship between the parties was defined by written contracts and Autodesk objects to any efforts to characterize that relationship

except with reference to the exact terms of those agreements.  Autodesk further denies that East Coast products provided "innovative technology."   As to the remaining allegations, Autodesk is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Second Amended Complaint and, therefore, denies those allegations and puts the Plaintiff to its proof thereon.

7.  Autodesk is without knowledge or information sufficient to form a belief as to the observations made by Joe Massaro and, therefore, denies those allegations and puts the Plaintiff to its proof thereon.  Autodesk denies the characterization of the relationship between Autodesk and East Coast as a partnership and objects to any efforts to characterize the relationship except by terms incorporated in the written agreements between the parties.   With regards to the balance of the allegations contained in Paragraph 7 of the Second Amended Complaint, Autodesk admits that in 2004 the parties began discussions regarding a potential business relationship, but otherwise denies the allegations.

8.  Autodesk admits that in 2004 East Coast executed an Autodesk Developer Network ("ADN") Agreement, but otherwise denies the allegations.

9.  Autodesk is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Second Amended Complaint and, therefore, denies those allegations and puts the Plaintiff to its proof thereon.

10. Autodesk admits that East Coast accompanied Autodesk on a promotional tour, but denies the characterization of that tour as "to promote their integrated software solution."

11. Autodesk admits that Micro Application Packages Limited ("MAP") offered fabrication technology, but otherwise denies the allegations.

12. Autodesk denies the allegations.

13. Autodesk denies East Coast's characterization of the parties' business relationship in response to activity by MAP.  Autodesk denies the balance of the allegations because East Coast has not specified the relevant time frame and because Autodesk is without knowledge of the size or revenues of East Coast.

14. Autodesk denies that it ever indicated it was not interested in working with MAP.  At all times relevant hereto, MAP has an ADN contract with Autodesk and offered a fabrication technology built on Autodesk software.  Autodesk further denies that it ever decided not to support CADDuct. Autodesk admits that it considered working with East Coast to sell technology in the United Kingdom.

15. Autodesk denies that it ever made any written or verbal assurances that it was committed to working exclusively with East Coast.  Autodesk admits that East Coast entered into a non-exclusive Development Agreement with Autodesk which expired after 18 months.

4

16. Autodesk is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 of the Second Amended Complaint and, therefore, denies those allegations and puts the Plaintiff to its proof thereon.

17. Denied.

18. Denied.

19. Autodesk denies the allegations of Paragraph 19 of the Second Amended Complaint as stated and further denies the characterization of the relationship between Autodesk and East Coast as a "partnership".  Autodesk objects to any efforts to characterize the relationship except in accordance with the exact terms of the written agreements between the parties.

20. Autodesk denies the allegations of Paragraph 20 of the Second Amended Complaint as stated.  Autodesk admits that it and East Coast performed certain tasks called for under the terms of the Development Agreement (Exhibit 4 to the Second Amended Complaint). Autodesk denies that East Coast built anything from the ground up with Autodesk. Autodesk is without knowledge of the expense incurred by Plaintiff and, therefore, denies these allegations.

21. Autodesk admits that the parties conducted meetings and marketed products, but otherwise denies the allegations.

22. Autodesk objects to the allegations as stated and notes that the Development Agreement expired and was not terminated by the parties.

23. Autodesk admits that the quoted portions of the allegations appear in Exhibit 13 to the Second Amended Complaint but otherwise denies the allegations

24. Autodesk admits that it contemplated the acquisition of part or all of East Coast, but otherwise denies the allegations as stated in Paragraph 24 of the Second Amended Complaint.

25. Autodesk admits that it continued to work with East Coast, and that meetings between Autodesk and East Coast occurred in 2010, but otherwise denies the allegations.

26. Autodesk admits that it and East Coast engaged in discussions regarding the marketing of products, and that quoted portions of the allegations may be accurately stated, but otherwise denies the allegations.

27. Autodesk admits that the language in the email is accurately stated, but otherwise denies the allegations as stated in Paragraph 27.

28. Denied.

29. Autodesk is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Second Amended Complaint and, therefore, denies those allegations and puts the Plaintiff to its proof thereon.

30. Autodesk admits that a meeting took place prior to the acquisition of MAP, in which Autodesk gave East Coast prior notice of Autodesk's intended acquisition of MAP, but otherwise denies the allegations.

## COUNT I – PATENT INFRINGEMENT

31. Autodesk repeats and incorporates its responses to the allegations in paragraphs 1-30.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied

37. Denied

38. Denied.

39. Autodesk is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39 of the Second Amended Complaint and, therefore, denies those allegations and puts the Plaintiff to its proof thereon.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

## COUNT II – BREACH OF FIDUCIARY DUTY

45. Autodesk repeats and incorporates by reference the responses set forth in paragraphs 1 through 44, above.

46. Denied.

47. Denied.

8

48. Autodesk is without knowledge sufficient to form a belief as to the proof of the allegations in paragraph 48 of the Second Amended Complaint and, therefore, denies those allegations and puts the Plaintiff to their proof thereon.

49. Denied.

## COUNT III – FRAUD

50. Autodesk repeats and incorporates by reference the responses set forth in paragraphs 1 through 49 above.

51. Denied.

52. Autodesk admits the statements in question were made, but denies that the email constitutes a misrepresentation.

53. Autodesk admits the statements in question were made, but denies that the email constitutes a misrepresentation.

54. Autodesk admits that the discussions in question occurred, but otherwise denies the allegations.

55. Autodesk admits that the discussions in question occurred, but otherwise denies the allegations.

56. Autodesk admits the disclosure in question took place, but denies that it could be characterized as "disturbing news."

57. Autodesk admits that it pursued the acquisition of MAP, but denies the allegations contained in paragraph 57.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

## COUNT IV – UNJUST ENRICHMENT

63. Autodesk repeats and incorporates by reference the responses set forth in paragraphs 1 – 62 above.

64. Denied.

65. Autodesk admits that it engaged in meetings with East Coast after the Development Agreement expired, but otherwise denies the allegations.

66. Autodesk admits that the request was made in accordance with Agreements in place between the parties.

67. Autodesk admits that the request in question was made and further answers that it occurred pursuant to the terms of the Agreements in place between the parties, some of which are ongoing, as well as East Coast's own business interests.

68. Autodesk admits that the request in question was made and further answers that it occurred pursuant to the terms of the Agreements in place between the parties, some of which are ongoing, as well as East Coast's own business interests.

69. Autodesk admits that the request in question was made and further answers that it occurred pursuant to the terms of the Agreements in place between the parties, some of which are ongoing, as well as East Coast's own business interests.

70. Autodesk admits that the request in question was made.

71. Autodesk is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 of the Second Amended Complaint and, therefore, denies those allegations and puts the Plaintiff to its proof thereon.

72. Autodesk admits that discussions about acquisition of an interest in Plaintiff occurred but otherwise denies the allegations.

73. Autodesk admits that the parties ceased discussions of a potential investment, but otherwise the allegations are denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

## COUNT V – BREACH OF CONTRACT

80. Autodesk repeats and incorporates by reference the responses set forth in paragraphs 1 – 79 above.

81. Autodesk admits the first sentence of paragraph 81, but otherwise the allegations are denied.

82. Denied.

83. Denied.

## COUNT VI – BREACH OF CONTRACT

84. Autodesk repeats and incorporates by reference the responses set forth in paragraphs 1 – 83 above.

85. Admitted.

86. Autodesk admits only that East Coast provided certain software in order to allow East Coast's software to work in Autodesk's software.

87. Autodesk is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 87 and, therefore, they deny those allegations.

88. Denied.

89. Denied.

## PRAYER FOR RELIEF

To the extent a response is necessary, Autodesk denies that it has infringed and/or induced or contributed to the infringement of any claims of U.S. Patent No. 7,917,340, ("the '340 patent") U.S. Patent No. 7,499,839 ("the '839 patent") or U.S. Patent No. 8,335,667 ("the '667 patent") (such patents collectively referred to herein and in the Second Amended Complaint as "the East Coast Patents").  Autodesk further denies that East Coast is entitled to any of the relief it requests against Autodesk.

## AFFIRMATIVE DEFENSES

Further answering the Second Amended Complaint, Autodesk asserts the following defenses without assuming any burden that it would not otherwise have, including without admitting or acknowledging that it bears the burden of proof as to any of them.  Autodesk reserves the right to amend its Answer with additional defenses as additional information becomes available.

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State a Claim)

1. The Second Amended Complaint fails to state a claim upon which relief can be granted against Autodesk.

## SECOND AFFIRMATIVE DEFENSE

### (Unclean Hands)

2.  East Coast's equitable claims are barred by the doctrine of unclean hands.


## THIRD AFFIRMATIVE DEFENSE

### (Estoppel, Laches, Waiver and Implied License)

3.  East Coast's claims are barred or limited in whole or in part by the equitable doctrines of

laches, equitable estoppel, waiver and/or implied license.


## FOURTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

4.  East Coast's claims are barred, in whole or in part, by the statute of limitations.


## FIFTH AFFIRMATIVE DEFENSE

### (No Damages Caused by Autodesk)

5.  If East Coast has sustained damages, those damages were the result of conduct of

individuals over whom the Autodesk had no control and thus for whom Autodesk is not

responsible.


## SIXTH AFFIRMATIVE DEFENSE

### (Lack of Proximate Cause)

6.  East Coast's claims are barred because any acts or omissions of Autodesk were not the

legal or proximate cause of any damage to the Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

### (Lack of Jurisdiction)

7.  East Coast's claims are barred based on lack of jurisdiction.

## EIGHTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

8.  East Coast's claims are barred for lack of standing.

## NINTH AFFIRMATIVE DEFENSE

### (Non-Infringement)

9.  Autodesk's making, using, importing, offering for sale, and/or selling the accused products does not infringe and has not infringed any claim of any of the East Coast Patents.

## TENTH AFFIRMATIVE DEFENSE

### (Invalidity)

10. Each and every claim of the East Coast Patents is invalid for failure to comply with the requirements of Title 35, United States Code §§ 101 et seq., including but not limited to, §§ 101, 102(a), 102(b), 102(f), 102(g) 103, 112, and/or 132.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Prosecution History Estoppel)

11. East Coast is estopped from construing the claims of the East Coast Patents to cover or include, either literally, or by application of the doctrine of equivalents, devices manufactured, used, imported, sold, or offered for sale by Autodesk or methods used by Autodesk because of admissions or statements to the United States Patent and Trademark Office (PTO) during prosecution of the application leading to the issuance of the East Coast Patents or applications related thereto, because of disclosures or language in the specification of the East Coast Patents, and/or limitations in the claims of the East Coast Patents.

## TWELFTH AFFIRMATIVE DEFENSE

### (Obviousness-Type Double Patenting)

12. Each and every claim of the '340 and the '667 patents are invalid under the judicially-created doctrine of obviousness-type double patenting.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Patent Misuse)

13. Upon information and belief, East Coast knew or should have known that the Accused Products do not infringe any of the claims of the East Coast Patents and/or that the East Coast Patents are invalid, but nevertheless brought the present action against Autodesk for the purpose of wrongfully excluding Autodesk from the market for Accused Products;

by initiating and maintaining the present action, East Coast has engaged in patent misuse and vexatious litigation barring plaintiff from any relief herein.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (35 U.S.C. § 287)

14. Any claim for damages for alleged infringement of the East Coast Patents is limited by 35 U.S.C. § 287 to damages occurring after notice of infringement.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (35 U.S.C. § 281)

15. East Coast is not entitled to any remedy against Autodesk for the alleged infringement of the East Coast patents because it is not the patentee of the East Coast Patents as required by 35 U.S.C. § 281.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (No Enhanced Damages)

16. East Coast has failed to plead and meet the requirements for enhanced damages.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (No Attorneys' Fees)

17. East Coast has failed to meet the requirements for an award of attorneys' fees.

## EIGHTEENTH AFFIRMATIAVE DEFENSE

### (No Injunctive Relief)

18. Neither preliminary nor permanent injunctive relief is available to East Coast under the legal standards for injunctions because, among other things, East Coast is not competing with Autodesk and is not practicing the alleged invention disclosed in the East Coast Patents. In addition, the balance of hardships and public interest do not favor an injunction in this case.

## NINETEENTH AFFIRMATIAVE DEFENSE

### (Unenforceability)

19. The East Coast Patents are unenforceable due to inequitable conduct, as detailed in paragraphs 9-23 below.

## COUNTERCLAIMS

## JURISDICTION AND VENUE

1. Autodesk's counterclaims arise under the patent laws, Title 35, United States Code and under Title 28, United States Code, §§ 2201 and 1338(a).

2. This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202, as they arise under an Act of Congress relating to patents.

3. Venue is proper in this District under 28 U.S.C. §§ 1391(b), (c) and 1400(b). By filing its Second Amended Complaint, East Coast has consented to personal jurisdiction in this District.

4. By its filing of the Second Amended Complaint, East Coast has asserted that Autodesk infringes one or more claims of the East Coast Patents. Thus, an actual controversy exists between Autodesk and East Coast regarding the alleged infringement and validity of the '324 patent pursuant to 28 U.S.C. § 2201 et seq.

## FIRST COUNTERCLAIM

### (Declaratory Judgment of Non-Infringement)

5. Autodesk alleges and incorporates herein by reference the allegations in paragraphs 1-4 above.

6. Autodesk has not infringed any valid claim of any of the East Coast Patents, nor is Autodesk infringing any valid claim of any of the East Coast Patents, and Autodesk is entitled to a declaration that the East Coast Patents are not, and have not been, infringed by Autodesk.

## SECOND COUNTERCLAIM

### (Declaratory Judgment of Invalidity)

7. Autodesk alleges and incorporates herein by reference the allegations in paragraphs 1-6 above.

20

8.  Each of the claims of the East Coast Patents are invalid for failing to satisfy the requirements and/or conditions of patentability set forth in Title 35 of the United States Code, including, but not limited to, Sections §§ 101, 102(a), 102(b), 102(f), 102(g) 103, 112, and/or 132, and Autodesk is entitled to a declaration that the claims of the East Coast patents are invalid.

### THIRD COUNTERCLAIM

### (Declaratory Judgment of Unenforceability)

9.  Autodesk alleges and incorporates herein by reference the allegations in paragraphs 1-8 above.

10. The East Coast Patents are unenforceable due to inequitable conduct before the U.S. Patent and Trademark Office ("USPTO") during the prosecution of (1) U.S. Application No. 11/238,626 (the "'626 application), which Joseph Massaro ("Massaro"), David Derocher ("Derocher"), and Dmitry Grinberg ("Applicants") filed on September 29, 2005, and which issued on March 3, 2009, as the '839 Patent, (2) U.S. Application No. 12/333,547 (the "'547 application), which Applicants filed on December 12, 2008 and which issued on March 29, 2011, as the '340 Patent, and (3) U.S. Application No. 13/030,230 (the "'230 application) (collectively "the East Coast Patent Applications"), which Applicants filed on February 18, 2011, and which issued on December 18, 2012 as the '667 Patent.

11. The '547 Application and the '230 Application are continuing applications of the '626 Application.

12. The duty of candor, which includes a duty to disclose to the USPTO all information known that is material to the issue of patentability, extends to all individuals associated with the filing and prosecution of the subject application, including the inventor(s), each person who prepares or prosecutes the application, and every other person who is substantively involved in the preparation and prosecution of the applications and who is associated with the inventor or assignee.  The failure of any such person to comply with the duty of candor is chargeable to the applicant for the patent.

13. At all relevant times Massaro and Derocher were both inventors and principals of East Coast.

14. During prosecuting the East Coast Patent Applications in the USPTO, Massaro, Derocher and/or East Coast knew that an Autodesk product including each claim limitation of claims of the East Coast Patents first went on sale more than one year prior to the effective U.S. filing date of the East Coast Patent Applications.

15. The Autodesk software product on sale before September 29, 2004, and which included all of the elements of claims of the East Coast Patent Applications is named "Autodesk Building Systems 2004" (ABS 2004).

16. By virtue of Autodesk's working relationship with East Coast, Massaro, Derocher and East Coast had specific knowledge of Autodesk's ABS 2004 product.  Massaro and Derocher are and were employees of East Coast with managerial positions.

17. Autodesk ABS 2004 is prior art to the East Coast Patents, and is information that is material to the patentability of the claims of the East Coast Patent Applications, according to 35 U.S.C. § 102(b).

18. East Coast has provided infringement contentions illustrating how, for example, Autodesk's AutoCAD MEP, one of the accused software products, maps to the elements of the East Coast Patents.   Exhibit A.

19. Although Autodesk does not agree with the interpretations of the claims provided in East Coast's infringement contentions (Exhibit A), Autodesk's ABS2004 productmaps to the claims of East Coast's U.S. Patent No. 8,335,667 in the same way that East Coast mapped Autodesk's AutoCAD MEP to the claims of U.S. Patent No. 8,335,667 in its infringement contentions.  Exhibit B.

20. Using the claim interpretations applied by East Coast in its infringement contentions (Exhibit A) Autodesk's ABS2004 product maps to East Coast's U.S. Patent Nos. 7,917,340 and U.S. Patent No. 7,499,839 in the same manner that East Coast maps Autodesk's AutoCAD MEP to U.S. Patent No. 7,917,340 and U.S. Patent No. 7,499,839 in its infringement contentions.

21. Massaro, Derocher and/or East Coast did not disclose during the prosecution of the East Coast Patent Applications the prior sales of Autodesk's ABS2004 product.

22. Massaro, Derocher and/or East Coast specifically mention the existence of "Autodesk™ Building Systems" in columns 4 and 5 in the specifications of the East Coast Patents.

23. The sale or offer for sale of a product that includes each claim limitation more than one year prior to the effective U.S. filing date of a claim would render the claim anticipated under 35 U.S.C. § 102(b) .

24. But for the withholding of the information of the prior sales of Autodesk's ABS2004 the USPTO would have rejected the claims of the East Coast Patent Applications under 35 U.S.C. § 102(b) in view of Autodesk's ABS2004 product and the East Coast Patents would not have issued.

25. Autodesk's ABS 2004 product is not cumulative to prior art cited to the PTO because there were no software products considered by the Examiner in the East Coast Patent Applications and because Autodesk's ABS 2004 product maps to the claims of the East Coast Patent applications in the same way same way East Coast maps Autodesk's AutoCAD MEP product to the claims of the East Coast Patents in its infringement contentions.

26. The intent to deceive the USPTO can be inferred from the intimate knowledge that Massaro, Derocher and/or East Coast had regarding the functionality of ABS2004, the fact that in 2004 East Coast was trying to create software that would plug into ABS2004, the fact that Massaro, Derocher and/or East Coast specifically identified ABS in the specifications of the East Coast Patent Applications and the fact that the functionality of ABS2004 was highly material to claims of the East Coast Patent Applications.

27. An actual and justiciable controversy exists between Autodesk and East Coast concerning unenforceability of the East Coast patents.

28. Counterclaim Plaintiff is entitled to a declaration that the East Coast patents are unenforceable.

## EXCEPTIONAL CASE

This case is an exceptional case entitling Autodesk to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## DEMAND FOR JURY

In addition to a jury to hear East Coast's claims, Autodesk requests a jury to hear its counterclaims.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Autodesk respectfully requests that this Honorable Court:

1.    Dismiss East Coast's Second Amended Complaint in its entirety with prejudice;

2.    Enter judgment in favor of Autodesk on all counts; and

3.    Declare that Autodesk has not infringed and does not infringe any claim of the
East Coast Patents;

4.    Declare that each and every claim of each of the East Coast Patents is invalid;

5.    Award Autodesk costs, together with reasonable attorneys' fees and all other
expenses for this suit because this case is exceptional under 35 U.S.C. § 285; and

6.    Grant such other and further relief as this Court deems just and proper.

> Respectfully submitted,
>
> **AUTODESK, INC.,**
> By its attorneys,

Dated:  August 5, 2013                 */s/  Robert F. Callahan, Jr.*
                                        Richard C. Nelson, Esq. (NH Bar #1687)
                                        Damian R. LaPlaca, Esq., admitted *pro hac vice*
                                        Robert F. Callahan, Jr., Esq. (NH Bar #21167)
                                        **NELSON KINDER + MOSSEAU PC**
                                        99 Middle Street
                                        Manchester, NH  03101
                                        Tel: (603) 647-1800
                                        Fax: (603) 647-1900
                                        Email: rnelson@nkmlawyers.com
                                        Email: dlaplaca@nkmlawyers.com
                                        Email: rcallahan@nkmlawyers.com

                                        Donald J. Perreault, Esq. (NH Bar #12138)
                                        **GROSSMAN, TUCKER, PERREAULT
                                        & PFLEGER, PLLC**
                                        55 S. Commercial Street
                                        Manchester, NH 03101
                                        Tel: (603) 668-6560
                                        Fax: (603) 668-2970
                                        Email: dperreault@gtpp.com

## CERTIFICATE OF SERVICE

      I, Robert F. Callahan, Jr., hereby certify that on this 5th day of August 2013, I served all parties registered with ECF for this matter with a true copy of the foregoing **Defendant Autodesk's Amended Answer to Second Amended Complaint** by virtue of transmitting the same to the Court via the ECF system:

                                                */s/  Robert F. Callahan, Jr.*
                                                Robert F. Callahan, Jr.