**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| East Coast Sheet Metal Fabricating Corp. d/b/a EastCoast CAD/CAM, | ) ) ) |
| Plaintiff, | ) ) ) Case No. 1:12-cv-00517-JL |
| v. | ) ) |
| Autodesk, Inc., | ) ) |
| Defendant. | ) |

**PROTECTIVE ORDER REGARDING PRODUCTION OF SOURCE CODE**

For Protected Material designated CONFIDENTIAL SOURCE CODE, the following additional restrictions apply:

(a) A party may designate material "CONFIDENTIAL SOURCE CODE" if the material is the source code for the accused products. This includes, without limitation, any portions of source code produced, as well as any deposition transcripts that contain discussion of any portions of source code. Access to a Party's Source Code Material shall be provided only on "stand-alone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet). The stand-alone computer(s) may be connected to (i) a printer, or (ii) a device capable of temporarily storing electronic copies solely for the limited purposes permitted pursuant to sub-paragraphs (h) and (k) below. Additionally, except as provided in sub-paragraph (k) below, the stand-alone computer(s) may only be located at the offices of the producing Party's outside counsel;

(b) The receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-along computer(s) to normal business hours, which for purposes of this paragraph shall be 8:00 a.m. through 6:00 p.m. However, upon reasonable notice from the receiving party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the stand-alone computer(s) outside of normal business hours. The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at the offices of its outside counsel shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action;

(c) The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code Material on the stand-alone computer(s);

(d) The producing Party will produce Source Code Material in computer searchable format on the stand-alone computer(s) as described above;

(e) Access to Protected Material designated CONFIDENTIAL SOURCE CODE shall be limited to outside counsel and up to three (3) outside consultants or experts[1] (i.e., not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to the procedures in the previously entered Protective Order, Doc. 42. A receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders;

(f) To the extent portions of Source Code Material are quoted in a Source Code Document, either (1) the entire Source Code Document will be stamped and treated as CONFIDENTIAL SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as CONFIDENTIAL SOURCE CODE;

(g) While inspecting the Source Code Material at the secure site, the receiving Party shall be permitted to print the portions of Source Code Material that it claims are relevant to its claims in this litigation, which shall be designated and clearly labeled "CONFIDENTIAL SOURCE CODE," and the receiving Party shall maintain a log of all such files that are printed. The receiving Party will be limited to print out and/or photocopy Source Code Material on paper that is pre-labeled with bates numbers, one copy for counsel and one copy for its expert(s). The parties will then confer on whether the receiving party is entitled to remove the copies of source code from the secure site on the basis that the material is not relevant to its claims in this litigation. If they cannot reach agreement, the copies will not be removed from the secure site and either party reserves the right to seek protection through judicial intervention, at which time the parties will confer on how to present the issue and materials to the Court for resolution;

---

[1] For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert.

(h) Except as set forth in sub-paragraph (k) below, no additional photocopies, printouts or electronic copies of Source Code Material shall be made after inspection and retrieval from the secure site, without prior written consent of the producing Party which will not be unreasonably withheld. Notwithstanding the above, copies of Source Code Materials may be used as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically;

(i) Should such printouts or photocopies be transferred back to electronic media, such media shall be labeled "CONFIDENTIAL SOURCE CODE" and shall continue to be treated as such;

(j) If the receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert. The receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (e.g., a hotel prior to a Court proceeding or deposition);

(k) A producing Party's Source Code Material may only be transported by the receiving Party at the direction of a person authorized under sub-paragraph (e) above to another person authorized under sub-paragraph (e) above, on paper or removable electronic media (e.g., a DVD, CD-ROM, or flash memory "stick") via hand carry, Federal Express or other similarly reliable courier. Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet. Source Code Material may only be transported electronically for the purpose of Court proceeding(s) or deposition(s) as set forth in sub-paragraph (j) above and is at all times subject to the transport restrictions set forth herein. But, for those purposes only, the Source Code Materials may be loaded onto a stand-alone computer;

(l) All paper copies of source code shall be securely destroyed if they are no longer necessary in the litigation (e.g., extra copies at the conclusion of a deposition). Copies of Source Code that are marked as deposition exhibits shall not be provided to the court reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.  Within thirty (30) days of final termination of this Action, including any appeals all CONFIDENTIAL SOURCE CODE, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall at the

producing Party's election either be returned to the producing Party or be destroyed. The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party s request;

(m)   Any outside attorney representing a Party and any person associated with a Party and permitted to receive the other Party's source code that is designated CONFIDENTIAL SOURCE CODE who obtains, receives, has access to, or otherwise learns, in whole or in part, the other Party's CONFIDENTIAL SOURCE CODE under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application (including without limitation any provisional, non-provisional, original, continuation, continuation-in-part, divisional, reissues, reexaminations, or any portion of any amendment, response, reply, or other paper submitted to the United States Patent and Trademark Office, including the United States Board of Patent Appeals and Interferences, or any foreign agency responsible for examining or issuing patents) pertaining to the field of the invention of the patents-in-suit, or computer aided design software, applications, tools, or systems, on behalf of the receiving Party or its acquirer, successor, predecessor, or other affiliate during the pendency of this Action and for one year after its conclusion, including any appeals. To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to CONFIDENTIAL SOURCE CODE and any individuals who, on behalf of the Party or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the field of invention of the patent-in-suit;

(n)   Each outside consultant or expert to whom CONFIDENTIAL SOURCE CODE is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order. A copy of the acknowledgment form is attached as Appendix A;

(o)   Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order;

(p)   Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege;

(q) Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of CONFIDENTIAL SOURCE CODE to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of CONFIDENTIAL SOURCE CODE; and

(r) Nothing in this stipulated order should be construed to impact the scope of discovery.

SO ORDERED:

Entered this <u>12th</u> day of <u>August</u> 2013

_____
Hon. Joseph N. Laplante
United States District Judge