UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| East Coast Sheet Metal Fabricating Corp. d/b/a EastCoast CAD/CAM,<br><br>        Plaintiff,<br><br>v.<br><br>Autodesk, Inc.,<br><br>        Defendant. | Case No. 1:12-cv-00517-JL |

**PLAINTIFF'S OPENING CLAIM CONSTRUCTION BRIEF**

**I.      The Patents in Suit**

The three patents in suit, all owned by assignment by East Coast are U.S. Patent Nos. 8,335,667 ("the '667 patent") [Ex. A], 7,917,340 [Ex. B], and 7,499,839 ("the '839 patent") [Ex. C] (collectively "the Asserted Patents").  The Asserted Patents all pertain generally to utilizing computer-aided design and design data to generate a representation of a system.  *See, e.g.,* '839 Patent, col. 1, lines 9-10.

**II.     The Canons of Claim Construction**

This Court has delineated the main canons of patent claim construction before, as follows:

- It is a bedrock principle of patent law that the claims of a patent define the invention to which the patentee is entitled the right to exclude;

- In the absence of an express intent to impart a novel meaning to the claim terms, the words take on the full breadth of the ordinary and customary meanings attributed to them by those of ordinary skill in the art;

- To ascertain this meaning, the court must first examine the intrinsic evidence, which includes the claims themselves, the specifications, and any prosecution history submitted by the litigants;

- If the claim language is clear on its face, then the consideration of the rest of the intrinsic

- evidence is restricted to determining if a deviation from the clear language of the claims is specified;

- Although the court must construe the claims in light of the specifications, it must take care not to read limitations from the specifications into the claims;

- If the meaning of the claim limitations is apparent from the totality of the intrinsic evidence, then the claim has been construed; and

- If, and only if, a genuine ambiguity still persists, the court may turn to extrinsic evidence, such as expert testimony, to interpret the claim.

*Best Management Products, Inc. v. New England Fiberglass, L.L.C.*, 2008 U.S. Dist. LEXIS 39462 at *3-5 (D.N.H. May 12, 2008) (Laplante, J.) (citations omitted).

### III. Disputed Limitations

Using the afore-referenced canons of construction, East Coast proposes the following constructions of the three disputed claim terms: 1) *components of the [imported] geometrical information*; 2) *fabrication information*; and 3) *as a function of*.

#### *Components of the [imported] geometrical information*

Consistent with the canon that claim language takes on its "ordinary and customary" meaning unless there is evidence of a contrary intent, East Coast proposes that the limitation "components of the [imported] geometric information" be given its plain meaning, *i.e.*, no construction of the limitation is necessary. When looking at the major constituent terms of this limitation, "components," "geometric" and "information," these terms are plain English words that require no special effort to define.

Alternatively, in the event the Court determines that these plain English words require further definition, East Coast proposes that this limitation be defined to mean "pieces or elements of the geometrical information." This construction is supported by Autodesk's expert, Dr. Elliot L. Stern, who, citing the specifications of the patents in suit, acknowledged that "[t]he ***elements***

of geometrical information are data values such as 'centerline coordinates, inlet coordinates, outlet coordinates, and orientation of the fitting.'"  Stern Decl. [Ex. D], ¶ 33, *citing* '839 Patent [Ex. C], col. 5, lines 60-62 (emphasis added).[1]  Dr. Stern also conceded that the plain meaning of the term "component" is "a part or an element."  Stern Dep. Tr. [Ex. E] at 94:16-23.

East Coast's proposed construction is also supported by claim 9 of the '667 patent, which clarifies that "geometrical information for one or more components includes centerline coordinates, inlet coordinates, outlet coordinates, inlet sizes, fitting dimensions or orientation of fittings," *i.e.*, information about the geometry of the components.  *See* '667 Patent [Ex. A], col. 9, lines 32-35.

Despite Autodesk's expert having identified the express teaching in the specifications regarding the meaning of this term, and the expert's ability to provide the plain meaning of "components," it claims that this term is indefinite.  Apart from the obvious incorrectness of this position, Autodesk has not asked for summary judgment on this issue, and claim construction is an inappropriate context for issuance of such a judgment.  *Koninklijke Philips Elecs. N.V. v. Zoll Med. Corp.*, 914 F. Supp. 2d 89, 100-101 ("Although it is true that 'the same principles that generally govern claim construction are applicable to determining whether allegedly indefinite claim language is subject to construction,' there are several reasons to defer rulings on indefiniteness until the summary judgment stage").

---

[1] As Dr. Stern notes, "[t]he specifications of the three Asserted Patents are largely identical." Stern Decl. [Ex.D] at 7 n.9.  Thus, a specification teaching in one patent is also found in the other two patents in suit.  *See, e.g.,* '667 Patent [Ex. A], col. 6, lines 3-5 ("The geometrical information that exists for each component of the design may include centerline coordinates, inlet coordinates, outlet coordinates, and orientation of the fitting").

### *Fabrication information*

East Coast proposes that "fabrication information" be construed to mean "information that is useful or necessary to fabricate a component or system." The intrinsic evidence supporting this construction includes specification passages cited by Autodesk describing the patented invention being used to provide "information *necessary* for the fabrication of a fluid control system," and *can* generate "totals of the number of each part necessary for the fabrication of the system," *i.e.*, information that is necessary and/or useful for fabrication. *See* '839 Patent [Ex. C], col. 2, lines 46-47, and col. 6, lines 46-49.

Autodesk proposes that this term be defined to mean "any information for construction." According to Autodesk's expert, Dr. Stern, the terms "fabrication" and "construction" mean the same thing,. Stern Dep. Tr. at 90:16-23. Thus, Autodesk's proposed definition adds nothing to the limitation "fabrication information." Further, Dr. Stern testified that the inclusion of the word "any" in Autodesk's proposed definition adds nothing to the definition. Stern Dep. Tr. [Ex. E] at 23:11-24:22.

### *As a function of*

Both parties agree that the term "as a function of" implicates "using." The difference is that Autodesk urges adding the language "executable instructions influenced by," despite the appearance of the term "executable instructions" in the preamble of each independent claim of the Asserted Patents. *See, e.g.*, '667 Patent [Ex. A], col. 7, line 22. The construction of a claim limitation cannot render other claim language superfluous. *Best Management Products,* 2008 U.S. Dist. LEXIS 39462 at *15. Autodesk's proposed construction, which reads language expressly appearing in one part of a claim into another part of the claim does just that, and should be rejected.

## IV. Conclusion

For the foregoing reasons, East Coast submits that its proposed constructions of the disputed claim limitations should be adopted by the Court.

**EAST COAST SHEET METAL FABRICATING CORP. d/b/a EASTCOAST CAD/CAM**

By Its Attorneys,

| **RATH, YOUNG AND PIGNATELLI, P.C.** | **STADHEIM & GREAR LTD.** |
|---|---|
| */s/ Michael S. Lewis* | */s/ George C. Summerfield* |
| Michael S. Lewis, Esquire | George C. Summerfield |
| (NH Bar No. 16466) | Rolf O. Stadheim |
| One Capital Plaza | Steven R. Pedersen |
| Concord, NH 03302-1500 | STADHEIM & GREAR, LTD. |
| (603) 226-2600 | 400 North Michigan Avenue, Suite 2200 |
| | Chicago, Illinois 60611 |
| | (312) 755-4400 |

Date: November 21, 2013

## CERTIFICATE OF SERVICE

I, George C. Summerfield, hereby certify that the foregoing document was filed with the Court through the ECF system on the 21st day of November 2013, and service will be made electronically by the Court's system to counsel for Autodesk, Inc.

*/s/ George C. Summerfield*
George C. Summerfield
STADHEIM & GREAR, LTD.