UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| **East Coast Sheet Metal Fabricating Corp. d/b/a EastCoast CAD/CAM,** | ) ) ) ) | |
| **Plaintiff,** | ) ) | Case No. 1:12-cv-00517-JL |
| v. | ) ) | |
| **Autodesk, Inc.,** | ) ) | |
| **Defendant.** | ) | |

**PLAINTIFF'S RESPONSIVE CLAIM CONSTRUCTION BRIEF**

East Coast hereby responds to Autodesk's claim construction brief as follows:

*Components of the [imported] geometrical information*

As East Coast noted in its original submission, Autodesk has yet to move for a judgment of indefiniteness supported by evidence overcoming the clear and convincing evidence threshold, and it is premature for Autodesk to urge that this limitation is fatally indefinite. As to the proper construction of this limitation, Autodesk tacitly acknowledges that the patents disclose "geometrical information for components of the design." Autodesk Br. at 8. Autodesk contends, however, that such "geometrical information" is somehow different than the *imported* geometrical information. *See id.* at 8-9. Autodesk fails to explain the difference.

In any event, Autodesk's own expert acknowledges that the patents teach that "the elements [which is a synonym of 'components'] of geometrical information are data values such as 'centerline coordinates, inlet coordinates, outlet coordinates, and orientation of the fitting.'" *See* Stern Decl. [Ex. D], ¶ 33; and Stern Dep. Tr. [Ex. E] at 94:16-23. That Autodesk's own expert can identify and define these elements/components of geometric information from the patents themselves belies any suggestion that this limitation is indefinite.

This acknowledgement by Autodesk's expert also supports East Coast's proposal that this limitation may be construed to mean "pieces or elements of the geometrical information" - "pieces" simply being synonymous with "elements" or "components."  Autodesk's response to this proposed construction is that it is unsupported "and makes no sense in the context of the claims."  Autodesk Br. at 8.  However, Autodesk's own expert identified the "support" for this construction when he identified elements of geometric information in the patents themselves.  Further, re-writing the claim language with East Coast's proposed construction, the claims would read "mapping one or more *pieces or elements of the geometrical information* to a plurality of standard fittings as a function of . . .".  *See, e.g.,* '667 Patent, claim 1.  There is obviously no issue with the context for this proposed construction, and Autodesk's challenge is unfounded.

*Fabrication information*

Autodesk complains that East Coast's proposed construction – "information that is useful or necessary to fabricate a component or system" – is unduly narrow.  Autodesk Br. at 12.  Autodesk fails to identify any other category of information that should logically be included in the plain and ordinary meaning of this term.  In contrast, Autodesk's proposed definition, which Autodesk acknowledges is broader than that proposed by East Coast, includes information that is unnecessary, or not even useful, for fabrication.  Indeed, Autodesk's proposal includes information that would be *detrimental* to fabrication.  Its construction should therefore be rejected.

Autodesk accuses East Coast of proposing a definition designed to "fend off" an invalidity challenge.  *Id*.  Autodesk's protest reveals its true intent in proposing the definition that it does – to make the subject claims more amenable to an invalidity attack.  In any event, East Coast proposes this definition because it makes sense under the facts and circumstances of

the case and the patents at issue therein.  The patents in suit, in their entirety, are directed to the fabrication of a system, such as an HVAC, plumbing, or electrical system.  In that context, "fabrication information" is logically limited to information necessary or useful to fabricate such a system.  Any other information would, at best, be superfluous.

Autodesk also characterizes East Coast's use of the terms "useful" and "necessary" as subjective, and argues that these terms render this limitation indefinite.  *Id.* at 13.  Autodesk ignores the fact that claims are to be construed from the standpoint of one ordinarily skilled in the relevant art.  *See Phillips v. AWH Corp.,* 415 F.3d 1303, 1313 (Fed. Cir. 2005) (*en banc*).  To one ordinarily skilled in the art of designing an HVAC system, what is useful or necessary to fabricate such a system is hardly a subjective inquiry.

Indeed, it is Autodesk's proposed definition that injects true subjectivity into the claim term.  Autodesk does so by offering a definition broad enough to encompass information used to fabricate a more *aesthetic* system.  It is therefore Autodesk, and not East Coast, which presses an unsupported, subjective construction with respect to this limitation.

### *As a function of*

As Autodesk acknowledges, the language "executable instructions" already appears expressly in the preambles of the independent claims.  Autodesk Br. at 9.  Autodesk fails to explain how construing the limitation "as a function of" to include this same language avoids improperly rendering the preamble language superfluous.

In response to East Coast's proposed definition, Autodesk contends that East Coast's definition "does not go far enough." Autodesk Br. at 12.  Rewritten to include East Coast's proposed definition, the subject claim language would read as follows:

> mapping one or more of the components of the geometrical information to a plurality of standard fittings *using*: (1) standards information including (1A) information specific to

3

>each of the plurality of standard fittings and (1B) fabrication information of each of the plurality of specific standard fittings; (2) the geometrical information; and (3) the associated property values . . .

*See, e.g.,* '667 Patent, claim 1.

Autodesk, for its part, specifically relies upon step 414 in Figure 4 of the subject patents, which specifies that one is to "*utilize* standard information, geometrical information, and property values to generate a final design." Autodesk Br. at 11 (emphasis added). In ordinary parlance, "using" and "utilizing" are synonymous, and this step therefore supports East Coast's proposed construction. Further, as Autodesk acknowledges, the categories of information set forth in step 414 "are the very same categories of information recited in the 'mapping' step of the asserted claims" in which the "as a function of" limitation appears. *See id*. Thus, as is demonstrated by the claim language replicated above, East Coast's proposed construction is entirely consistent with the specific portion of Figure 4 referenced by Autodesk as evidencing the correct construction of this limitation.

*Conclusion*

For the reasons cited herein, and in East Coast's opening brief, East Coast requests that the Court adopt its constructions of the three terms within the patented claims.

Dated: December 5, 2013

                                        Respectfully submitted,

                                        EAST COAST SHEET METAL FABRICATING
                                        CORP., d/b/a EASTCOAST CAD/CAM

                                        By its attorneys,

| RATH, YOUNG AND PIGNATELLI, P.C. | STADHEIM & GREAR LTD. |
|---|---|
| /s/ Michael S. Lewis | /s/ George Summerfiled |
| Michael S. Lewis, Esquire | Rolf O. Stadheim |
| (NH Bar No. 16466) | Steven R. Pedersen |
| One Capital Plaza | George C. Summerfield |
| Concord, NH 03302-1500 | 400 North Michigan Avenue, Suite 2200 |
| (603) 226-2600 | Chicago, Illinois 60611 |
| | (312) 755-4400 |

## **CERTIFICATE OF SERVICE**

  I, Michael S. Lewis, hereby certify that the foregoing document was filed with the Court through the ECF system on the 5th day of December, 2013, and service will be made electronically by the Court's system to counsel for Autodesk, Inc.:

| | |
|---|---|
| Richard C. Nelson, Esq.<br>NELSON KINDER + MOSSEAU PC<br>99 Middle Street<br>Manchester, NH 03101<br>Tel: (603) 647-1800<br>Email: rnelson@nkmlawyers.com<br><br>Joel M. Freed, Esq.<br>Alexander P. Ott, Esq.<br>McDermott Will & Emery LLP<br>The McDermott Building<br>500 North Capitol Street, N.W.<br>Washington, D.C. 20001<br>Telephone: (202) 756-8000<br>Email: jfreed@mwe.com<br>Email: aott@mwe.com | Donald J. Perreault, Esq.<br>GROSSMAN, TUCKER, PERREAULT<br>& PFLEGER, PLLC<br>55 S. Commercial Street<br>Manchester, NH 03101<br>Tel: (603) 668-6560<br>Email: dperreault@gtpp.com |

                By: /s/ Michael S. Lewis
                    Michael S. Lewis