UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

East Coast Sheet Metal
Fabricating Corp., d/b/a
EastCoast CAD/CAM

   v.                                            Civil No. 12-cv-517-LM
                                                  Opinion No. 2014 DNH 160

Autodesk, Inc.

**O R D E R**

East Coast Sheet Metal Fabricating Corp. ("EastCoast") has sued Autodesk, Inc. ("Autodesk") in six counts. EastCoast's claims include one for patent infringement. Before the court are motions for summary judgment in which Autodesk argues that the patents in suit are invalid for: (1) indefiniteness; and (2) lack of a sufficient written description. EastCoast objects. The court heard oral argument on the summary-judgment motions on July 11, 2014. For that reasons that follow, Autodesk's motions for summary judgment on invalidity are both denied.

**Summary Judgment Standard**

"Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Ponte v. Steelcase Inc., 741 F.3d 310, 319 (1st Cir. 2014) (quoting Cortés-Rivera v. Dept. of Corr., 626 F.3d 21, 26 (1st Cir. 2010)); see also Fed. R. Civ.

P. 56(a). When ruling on a motion for summary judgment, the court must "view[] the entire record 'in the light most hospitable to the party opposing summary judgment, indulging all reasonable inferences in that party's favor.'" Winslow v. Aroostook Cty., 736 F.3d 23, 29 (1st Cir. 2013) (quoting Suarez v. Pueblo Int'l, Inc., 229 F.3d 49, 53 (1st Cir. 2000)).

## Discussion

Autodesk moves for summary judgment of invalidity on two separate grounds, indefiniteness and lack of an adequate written description. The court considers each theory in turn.

Before doing so, however, the court notes that "[a] patent shall be presumed valid," 35 U.S.C. § 282, ¶ 1 (2006 ed.), and that "[t]he burden of establishing invalidity of a patent or any claim thereof shall rest on the party asserting such invalidity," id. Moreover, in the context of a case involving a claim of invalidity due to patentee's failure to meet the on-sale bar established by 35 U.S.C. § 102(b), the United States Supreme court has held that "§ 282 requires an invalidity defense to be proved by clear and convincing evidence." Microsoft Corp. v. i4i Ltd. P'ship, 564 U.S. ---, ---, 131 S. Ct. 2238, 2242 (2011)).

A. Indefiniteness

"The Patent Act requires that a patent specification 'conclude with one or more claims <u>particularly pointing out and distinctly claiming</u> the subject matter which the applicant regards as [the] invention.'" Nautilus, Inc. v. Biosig Instrs., Inc., 134 S. Ct. 2120, 2130 n.10 (2014) (quoting 35 U.S.C. § 112, ¶ 2 (2006 ed.) (emphasis and brackets added by Nautilus). This is the so-called definiteness requirement. "A lack of definiteness renders invalid 'the patent or any claim in suit.'" Id. at 2125 (quoting 35 U.S.C. § 282, ¶ (2)(3) (2006 ed.)). "[A] patent is invalid for indefiniteness if its claims, read in light of the specification delineating the patent, and the prosecution history, fail to inform, with reasonable certainty, those skilled in the art about the scope of the invention." Id. at 2124. "Indefiniteness . . . is a question of law." In re Packard, 751 F.3d 1307, 1311 (Fed. Cir. 2014) (citing Kinetic Concepts, Inc. v. Blue Sky Med. Grp., Inc., 554 F.3d 1010, 1022 (Fed. Cir. 2009)).

There are three patents-in-suit, U.S. Patent No. 7,499,839 (filed Sept. 29, 2005), U.S. Patent No. 7,917,340 (filed Dec. 12, 2008), and U.S. Patent No. 8,335,667 (filed Feb. 18, 2011). The focus of Autodesk's indefiniteness attack is claim language that calls for "mapping" either "all components of the imported

geometrical information," '839 Patent col.7 l.25; '340 Patent col.8 l.7, or "one or more of the components of the geometrical information," '667 Patent col.7 l.34, to:

> a plurality of standard fittings as a function of (1) standards information including (1A) information specific to each of the plurality of standard fittings and (1B) fabrication information of each of the plurality of specific standard fittings[,] (2) the imported geometrical information, and (3) the assigned property values.

'839 Patent col.7 ll.26-32; see also '340 Patent col.7 ll.8-13.[1]

Autodesk's indefiniteness argument relies upon the principles that "[a] patent holder should know what he owns, and the public should know what he does not," Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co., 535 U.S. 722, 731 (2002), and that a patent should "disclose to the public . . . how its infringement may be avoided," Eibel Process Co. v. Minn. & Ontario Paper Co., 261 U.S. 45, 65 (1923). Autodesk argues that all three patents-in-suit are invalid for indefiniteness because the claims' recitation of mapping activity, when read in light of the specifications, does not allow a person of ordinary skill

---

[1] The '667 patent uses nearly identical language, but omits the word "imported" as a modifier of the term "geometrical information" in clause (2), '667 Patent col.7 l.38, and uses the term "associated property values" rather than the term "assigned property values" in clause (3), id., col.7 l.39.

4

in the art to know the scope of the claimed invention.  That is, Autodesk argues that

> because the patent lacks information on what does or does not constitute mapping all components of geometrical information to standards information as a function of three recited criteria, the claims are invalid for failure to "clearly distinguish what is claimed from what went before in the art and clearly circumscribe what is foreclosed from future enterprise."

Def.'s Mem. of Law (doc. no. 68-1) 9 (quoting United Carbon Co. v. Binney & Smith Co., 317 U.S. 228, 236 (1038)).  The court does not agree.

Autodesk is correct in its observation that, in the specifications of the patents-in-suit, the term "mapping" is used only in the context of defining the term "standards information" to include "information that allows non-standard fittings to be mapped to standard fittings."  '839 Patent col.6 ll.21-22.  But, one cannot ignore that the specification also teaches that "stored standards information is used to assign standard fittings to the geometrical information." Id. col.6 ll.14-16.  Autodesk has failed to carry its burden of showing that one skilled in the art would not understand "assign[ing] standard fittings to the geometrical information" to be a reciprocal operation that would yield the same results as "mapping . . . components of . . . geometrical information to a

5

plurality of standard fittings." Thus, Autodesk cannot show that the light shed by the specification is insufficient to illuminate the scope of the invention. Moreover, while Autodesk argues that the patents-in-suit do not adequately disclose the boundaries of the claimed invention, it does not point to any spot on the boundary line that is sufficiently blurred that one could cross that boundary without knowing it. Accordingly, Autodesk is not entitled to judgment as a matter of law that the patents-in-suit are invalid for indefiniteness.

### B. Lack of an Adequate Written Description

A "patent's specification 'shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which pertains, or with which it is most nearly connected, to make and use the same.'" Nautilus, 134 S. Ct. at 2128 (quoting 35 U.S.C. § 112, ¶ 1 (2006 ed.)). Like a patent claim that suffers from indefiniteness, a patent with a specification that fails to satisfy the written-description requirement is invalid. See 35 U.S.C. § 282, ¶ 2(3) (2006 ed.). "[T]he written description requirement with respect to particularly claimed subject matter is met if the specification shows that the stated inventor has

6

in fact invented what is claimed, [and] that he had possession of it." Abbvie Deutschland GmbH & Co. v. Janssen Biotech, Inc., --- F.3d ---, ---, Nos. 2013-1338, 2013-1346, 2014 WL 2937477, at *10 (Fed. Cir. July 1, 2014) (citing Vas-Cath Inc. v. Mahurkar, 935 F.2d 1555, 1563-64 (Fed. Cir. 1991)). "Whether a patent claim is supported by an adequate written description is a question of fact." Id. at *9 (citing Ariad Pharm., Inc. v. Eli Lilly & Co., 598 F.3d 1336, 1355 (Fed. Cir. 2010) (en banc). That said, "compliance with the written description requirement . . . is amenable to summary judgment in cases where no reasonable fact finder could return a verdict for the non-moving party." Lochner Techs., LLC v. Vizio, Inc., --- F. App'x ---, ---, No. 2013-1551, 2014 WL 2898496, at *5 (Fed. Cir. June 27, 2014) (quoting Atl. Research Mktg. Sys. v. Troy, 659 F.3d 1345, 1353 (Fed. Cir. 2011)) (alterations omitted).

As with its indefiniteness challenge, Autodesk focusses on the mapping claimed in each of the three patents-in-suit. Specifically, it argues that "[t]he mapping as claimed by Plaintiff . . . is not the mapping described in the application." Def.'s Mem. of Law (doc. no. 69-1) 2. The court does not agree.

The patents-in-suit claim "mapping" of "components" of "geometrical information to a plurality of standard fittings."

7

As Autodesk correctly notes, the specification mentions another sort of mapping, i.e., the mapping of non-standard fittings to standard fittings. But, the mere fact that the patent claims one kind of mapping and the specification mentions another, without more, does not mean that the written description is defective.

Autodesk's more serious argument is that: (1) the patents-in-suit claim the mapping of "geometrical information to a plurality of standard fittings"; (2) the claimed mapping is undertaken "as a function of"[2] three kinds of information; and (3) the specification does not adequately describe the "as a function of" aspect of the claimed mapping with respect to the three categories of information mentioned in the claim. Thus, according to Autodesk, the specification fails to "describe[] the invention with all its claimed limitations." Def.'s Mem. of Law (doc. no 69-1) 9 (quoting Lockwood v. Am. Airlines, Inc., 107 F.3d 1565, 1572 (Fed. Cir. 1997)).

The specification does, in fact, adequately describe the claimed invention and all its limitations. To begin, the specification provides:

> In step **412**, standards information that is stored in step **410** is imported into a second software

---

[2] The court has construed the term "as a function of" to mean "using." Order (doc. no. 67) 13.

> application, for example EC-CAD™ or EC-CAM™[.] The stored standards information is used to assign standard fittings to the geometrical information[.] Additionally, the geometrical information and the property values are imported.

'839 Patent col.6 ll.12-17. Thus, all three categories of information mentioned in the claim, i.e., standards information, geometrical information, and property values, are described as being imported into the software that produces the final product. Moreover, the specification describes the following steps, labeled 412 and 414 in Figure 4: "[i]mport standards information, geometrical information, and property values," and "[u]tilize standards information, geometrical information, and property values to generate a final design."[3] Those elements of the specification are sufficient to satisfy the written-description requirement that what is claimed in the patents-in-suit is disclosed in their specifications. See Festo, 535 U.S. at 736.

In sum, Autodesk has not produced clear and convincing evidence that the written descriptions of the patents-in-suit fail to teach one skilled in the art how to make the claimed

---

[3] Autodesk's argument that step 414 pertains to mapping non-standard fittings to standard fittings rather than to mapping geometrical information to standard fittings is flatly incorrect because step 414 pertains to the utilization of standards information, while "information that allows non-standard fittings to be mapped to standard fittings" is merely a part of the definition of "standards information."

invention. Accordingly, Autodesk is not entitled to judgment as a matter of law that the patents-in-suit are invalid for lack of a written description.

### Conclusion

For the reasons detailed above, both of Autodesk's motions for summary judgment of invalidity, document nos. 68 and 69, are denied.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

July 24, 2014

cc: Thomas Tracy Aquilla, Esq.
Kenneth C. Bartholomew, Esq.
Robert F. Callahan, Jr., Esq.
Joel M. Freed, Esq.
Kyle L. Harvey, Esq.
Damian R. Laplaca, Esq.
Michael S. Lewis, Esq.
Richard C. Nelson, Esq.
Alexander P. Ott, Esq.
Steven R. Pedersen, Esq.
Donald J. Perreault, Esq.
Rolf O. Stadheim, Esq.
George C. Summerfield, Esq.