UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

EAST COAST SHEET METAL
FABRICATING CORP., D/B/A
EASTCOAST CAD/CAM,

          Plaintiff,

  v.

AUTODESK, INC.,

          Defendant.

Civil No. 1:12-cv-00517-LM

**AUTODESK, INC.'S BRIEF IN SUPPORT OF ITS MOTION FOR PARTIAL
SUMMARY JUDGMENT LIMITING DAMAGES POTENTIALLY RECOVERABLE**

Richard C. Nelson, Esq. (NH Bar #1867)
Damian R. LaPlaca, Esq. (*pro hac vice*)
Robert F. Callahan, Jr., Esq. (NH Bar #21167)
Nelson Kinder + Mosseau PC
99 Middle Street
Manchester, NH 03101
Telephone: (603) 647-1800

Donald J. Perreault, Esq. (NH Bar #12138)
Grossman, Tucker, Perreault & Pfleger, PLLC
55 S. Commercial Street
Manchester, NH 03101
Telephone: (603) 668-6560

Joel M. Freed, Esq. (*pro hac vice*)
Alexander P. Ott, Esq. (*pro hac vice*)
McDermott Will & Emery LLP
The McDermott Building
500 North Capitol Street, N.W.
Washington, D.C. 20001
Telephone: (202) 756-8000

*Attorneys for Defendant Autodesk, Inc.*

**I.     Introduction**

Pre-complaint damages for infringement are restricted by the provisions of 35 U.S.C. § 287(a) which sets forth marking and notice requirements. Autodesk here seeks partial summary judgment to limit to post-complaint any infringement damages potentially recoverable by the East Coast.

**II.    Statement of Material Facts**

1.      There are three asserted patents, U.S. Pat. Nos. 7,499,839, 7,917,340 and 8,335,667, which issued respectively on March 3, 2009, March 29, 2011, and December 18, 2012.

2.      East Coast filed its complaint on December 28, 2012.  (Doc. No. 1.)

3.      The President of East Coast, David Derocher, testified that "I don't recall . . . whether we informed them [Autodesk] of any infringement on the patents."  (**Ex. A**[1] at 85:7–11.)

4.      Neither the Complaint nor the Amended Complaints allege pre-complaint marking of East Coast's own patented products or actual notice of infringement by East Coast to Autodesk. (Doc. Nos. 1, 15, 26.)

5.      In its Final Infringement Contentions, East Coast "identifies [its] following . . . products . . . [that] practice each asserted claim . . . for 2007 to Present: MEP Fabrication, EC MEP Fabrication, Design to Fabrication, and EC Design to Fabrication."  (**Ex. B** at 2.)

6.      In response to discovery requesting East Coast to specify "the manner and extent of" its marking, including "the precise dates and frequency," East Coast on December 16, 2013, objected to providing "'precise dates' of EastCoast's marking as unduly burdensome" and said

---

[1] Citations to Exhibits are to the Exhibits of the contemporaneously-filed *Declaration of Joel M. Freed in Support of Autodesk's Motion for Summary Judgment Limiting Damages*.

"EastCoast will produce documents . . . from which the remainder of the response to this Interrogator may be derived." (**Ex. C** at 2.)

7. A meet and confer was requested after no such documents were provided nearly six months later, whereupon East Coast produced on June 19, 2014—with no explanation of its contents or its origin—a single document (production number EC0024861–62) purporting to describe East Coast's marking activity. (**Ex. D**.)

8. All claims of the asserted patents are for a "computer readable medium."

9. Except for a few entries of "CD label" and "CD case" on **Ex. D,** there are no entries of marking a computer readable medium or its package, and all such entries are dated 2011 or later.

10. Neither the word *patent* nor the abbreviation *pat*. appears anywhere on **Ex. D**.

11. Although East Coast's Final Infringement Contentions distinguish between "Design to Fabrication" and "EC Design to Fabrication," **Ex. D** contains no entries for "EC Design to Fabrication."

12. Although East Coast's Final Infringement Contentions distinguish between: "MEP Fabrication" and "EC MEP Fabrication," **Ex. D** contains no entries for "EC MEP Fabrication," and the only entries for "MEP Fabrication" are dated 2011 and later.

13. A number of entries on **Ex. D** dated 2011 or 2011 have no entry for patent no. 7,917,340, which issued on March 29, 2011.

## III.   Applicable Law

"One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims."   *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Therefore, "Rule 56(c) mandates the entry of summary judgment, after adequate time for

discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 322–23.

Regarding East Coast's claim for infringement damages, "[w]hen a patented article has been produced by a patentee . . . the amount of damages the patentee can recover . . . is statutorily limited to those acts of infringement that occurred after the patentee gave the alleged infringer 'notice of infringement.' 35 U.S.C. § 287(a) (1994). The statute permits either constructive notice, which is accomplished by marking the article with the patent number, or actual notice." *Gart v. Logitech, Inc.,* 254 F.3d 1334, 1345 (Fed. Cir. 2001).

Specifically, the applicable statute, 35 U.S.C. § 287(a) (1994), provides:

> Patentees . . . making or selling any patented article . . . may give notice to the public that the same is patented . . . by fixing thereon the word "patent" or the abbreviation "pat.", together with the number of the patent, or when, from the character of the article, this cannot be done, by fixing to it, or to the package wherein one or more of them is contained, a label containing a like notice. In the event of failure so to mark, no damages shall be recovered . . . except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice. Filing of an action for infringement shall constitute such notice.

"The clear meaning of this section is that the patentee or his assignee, if he makes or sells the article patented, cannot recover damages against infringers of the patent, unless he has given notice of his right, either to the whole public, by marking his article 'Patented,' or to the particular defendants, by informing them of his patent, and of their infringement of it." *Dunlap v. Schofield,* 152 U.S. 244, 247–48 (1894). The statute was amended in September 2011 to provide for virtual marking (*i.e.*, a posting on the Internet that associates the patented article with

4

the number of the patent), but otherwise "[t]he marking provision has not been substantially changed since 1861." See Nike Inc. v. Wal-Mart Stores, 138 F.3d 1437, 1443 (Fed. Cir. 1998).

So in the case of a practicing patentee, "[o]ne of these two things, marking the articles, or notice to the infringers, is made by the statute a prerequisite to the patentee's right to recover damages against them. Each is an affirmative act and is something to be done by him." Dunlap, 152 U.S. at 248.

"Whether his patented articles have been duly marked or not is a matter peculiarly within his own knowledge; and, if they are not duly marked, the statute expressly puts upon him the burden of proving the notice to the infringers before he can charge them in damages." Id. "By the elementary principles of pleading, therefore, the duty of alleging and the burden of proving either of these facts is upon the plaintiff." Id.; see also Maxwell v. J. Baker, Inc., 86 F.3d 1098, 1111 (Fed. Cir. 1996) ("the burden of pleading and proving at trial . . . compli[ance] with the statutory requirements" of § 287(a) rests on the patentee); Von Holdt v. A–1 Tool Corp., 714 F. Supp.2d 863, 868 (N.D. Ill. 2010) ("the defendants have no burden to establish non-compliance with the marking statute because compliance with § 287(a) is an essential element of the plaintiffs' case") (citing Celotex, 477 U.S. at 322–23).

Accordingly, a practicing patentee that does not properly mark may not recover damages absent pleading and proof of "notice to the 'particular defendants by informing them of his patent *and of their infringement of it.*'" Amsted Indus. v. Buckeye Steel Castings Co., 24 F.3d 178, 186 (Fed. Cir. 1994), *quoting and emphasizing* Dunlap, 152 U.S. at 247–48. In other words, such a practicing patentee "is not entitled to damages for infringement prior to actual notice." Crown Packaging Tech., Inc. v. Rexam Beverage Can Co., 559 F.3d 1308, 1316 (Fed. Cir. 2009).

Furthermore, marking by the practicing patentee is insufficient unless there is "full compliance," meaning that the requisite marking must "be substantially consistent and continuous in order for the party to avail itself of the constructive notice provisions of the statute." *American Medical Systems, Inc. v. Medical Engineering Corp.*, 6 F.3d 1523, 1537 (Fed. Cir. 1993). "Full compliance [is] not achieved until [the patentee] consistently mark[s] substantially all of its patented products, and it was no longer distributing unmarked products." *Id.* at 1538; *see also Nike*, 138 F.3d at 1446 (patentee must "show[] that substantially all of the [products] being distributed were marked, and that once marking was begun, the marking was substantially consistent and continuous").

"Actual notice requires the affirmative communication of a specific charge of infringement by a specific accused product or device." *Amsted Indus.*, 24 F.3d at 187. "[N]otice must be of 'the infringement,' not . . . the patent's existence or ownership." *Id.* "It is irrelevant . . . whether the defendant knew of the patent or . . . his own infringement. The correct approach . . . must focus on the action of the patentee, not the knowledge or understanding of the infringer." *Id.* Notice "is an affirmative act, and is something to be done by [the patentee]." *Dunlap,* 152 U.S. at 248.

IV.   **Argument**

Compliance with section 287(a) is a question of fact, *Maxwell,* 86 F.3d at 1111, but notice "is properly decided upon summary judgment when no reasonable jury could find that the patentee either has or has not provided actual notice," *Gart,* 254 F.3d at 1339. Here, no reasonable jury could find pre-complaint actual notice.

East Coast did not even plead actual notice, which is not surprising given the testimony of its President, Mr. Derocher, that "I don't recall . . . whether we informed them [Autodesk] of

6

any infringement on the patents." (**Ex. A** at 85:7–11.) Nor does any produced document reveal the requisite "specific charge of infringement by a specific accused product or device." *Amsted, 24 F.3d at 187*.

East Coast did not plead marking either, but says that it complied with the statuary marking requirements. Saying so, however, does not make it so.

What makes it so is nothing short of "showing that substantially all of the [products] being distributed were marked, and that once marking was begun, the marking was substantially consistent and continuous." *Nike, 138 F.3d at 1446*. Here, however, when asked to specify "the precise dates and frequency," East Coast said that would be "unduly burdensome." (**Ex. C** at 2.)

Furthermore, "[w]hether [its] patented articles have been duly marked or not is a matter peculiarly within [East Coast's] own knowledge." *See Dunlap, 152 U.S. at 248*. And the sole document East Coast eventually produced on the manner and extent of its marking, **Ex. D**, was produced:

- with no explanation of its contents or its origin;
- with no indication that the word *patent* or its abbreviation *pat*. appeared anywhere on any marking (a specific statutory requirement);
- with a number of 2011 entries containing no entry for patent no. 7,917,340 which issued on March 29, 2011;
- with only a few entries of marking a computer readable article or its package (a specific statutory requirement), all dated 2011 or later;
- with all entries for Design to Fabrication and MEP Fabrication dated 2011 and later; and
- with no entries for "EC Design to Fabrication" (even though East Coast's Final Infringement Contentions distinguish that from "Design to Fabrication"), and no entries for "EC MEP Fabrication" (even though East Coast's Final Infringement Contentions distinguish that from "MEP Fabrication").

That is a far cry from "full compliance," inasmuch as the requisite marking must "be substantially consistent and continuous in order for the party to avail itself of the constructive notice provisions of the statute." *American Medical Systems*, 6 F.3d at 1537.

## IV. Conclusion

Based on all the foregoing, Autodesk respectfully requests the Court to grant partial summary judgment holding that even if East Coast can prove infringement, no damages can be recovered for infringement that occurred before the December 28, 2012 filing date of the Complaint.

Dated: July 25, 2014              Respectfully submitted,

/s/ Joel M. Freed
Richard C. Nelson, Esq. (NH Bar #1867)
Damian R. LaPlaca, Esq. (*pro hac vice*)
Robert F. Callahan, Jr., Esq. (NH Bar #21167)
Nelson Kinder + Mosseau PC
99 Middle Street
Manchester, NH 03101
Telephone: (603) 647-1800

Donald J. Perreault, Esq. (NH Bar #12138)
Grossman, Tucker, Perreault & Pfleger, PLLC
55 S. Commercial Street
Manchester, NH 03101
Telephone: (603) 668-6560

Joel M. Freed, Esq. (*pro hac vice*)
Alexander P. Ott, Esq. (*pro hac vice*)
McDermott Will & Emery LLP
The McDermott Building
500 North Capitol Street, N.W.
Washington, D.C. 20001
Telephone: (202) 756-8000

*Attorneys for Defendant Autodesk, Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on July 25, 2014, I served all parties registered with ECF for this matter with a true copy of the foregoing Autodesk's Brief in Support of its Motion for Partial Summary Judgment Limiting Damages Potentially Recoverable by virtue of transmitting the same to the Court via the ECF system.


                                          /s/ Joel M. Freed