UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


<u>East Coast Sheet Metal</u>
<u>Fabricating Corp., d/b/a</u>
<u>East Coast CAD/CAM</u>

   v.                                    Civil No. 12-cv-517-LM

<u>Autodesk, Inc.</u>


**O R D E R**

This case includes a claim by East Coast Sheet Metal Fabricating Corp. ("EastCoast") that Autodesk, Inc. ("Autodesk") willfully infringed three of its patents.  Autodesk moves for sanctions against EastCoast.  See Fed. R. Civ. P. 11(c). EastCoast objects.  For the reasons that follow, Autodesk's motion for sanctions is denied without prejudice.

**Discussion**

Autodesk argues that EastCoast violated Rule 11(b)(2) of the Federal Rules of Civil Procedure by asserting a claim for patent infringement in its second amended complaint. Specifically, Autodesk argues that EastCoast's infringement claim runs afoul of Rule 11(b)(2) because that cause of action is based upon a construction of the relevant claims in the patents-in-suit that: (1) impermissibly attempts to recapture subject matter that was relinquished during patent prosecution;

and (2) covers subject matter that is in the prior art.  Those arguments, however, are precluded by Hall v. Bed Bath & Beyond, in which the Federal Circuit explained:

> Rule 11 sanctions may be imposed on the filing of a complaint when "the frivolous nature of the claims-at-issue is unequivocal."  Carter v. ALK Holdings, Inc., 605 F.3d 1319, 1323 (Fed. Cir. 2010).  The district court denied the Rule 11 motion as baseless, and we agree, for the pleadings state facts sufficient to support the counts of patent infringement and the various unfair competition claims.  As we have discussed, Federal Circuit precedent, the [Supreme] Court's rulings in [Bell Atlantic Corp. v.] Twombly, [550 U.S. 544 (2007)] and [Ashcroft v.] Iqbal, [556 U.S. 662 (2009)] and Federal Rule 8, make clear that neither claim construction nor prior art is required to be included in the pleadings.

705 F.3d 1357, 1372 (Fed. Cir. 2013).  Because Autodesk does not challenge EastCoast's complaint on the grounds outlined in Hall, i.e., frivolousness on the face of the complaint, its motion for sanctions is denied.

The court also notes the unusual procedural posture of Autodesk's motion, which is not lost on EastCoast.  See Pl.'s Obj. (doc. no. 80) 3.  Specifically, Autodesk seeks sanctions against EastCoast for filing its infringement claim, but it has not moved to dismiss that claim on the grounds that underlie its motion for sanctions and, necessarily, has not received a favorable decision on such a motion.  In its survey of circuit-court opinions, this court has located no case in which a party has successfully moved for Rule 11 sanctions before the opposing

party withdrew the offending claim(s), failed to overcome a motion to dismiss, or failed to overcome a motion for summary judgment.

Here, Autodesk is asking the court to impose sanctions on EastCoast for filing a claim that has not been withdrawn, dismissed, or rejected at summary judgment or at trial.  Thus, the motion for sanctions would appear to be premature.  Cf. Eon-Net LP v. Flagstar Bancorp, 249 F. App'x 189 (Fed. Cir. 2007) 189, 198 (Fed. Cir. 2007) (vacating grant of sanctions when summary judgment was improperly granted against party that was sanctioned).  This court choses to follow the lead of the trial court in Antonious v. Spalding & Evenflo Cos., which "withheld ruling on [a] sanctions motion until the liability issues were finally resolved," 275 F.3d 1066, 1071 (Fed. Cir. 2002); see also Fraser v. High Liner Foods, Inc., Civ. No. 06-11644-RWZ, 2008 WL 8920211, at *9-10 (D. Mass. July 10, 2008) (granting defendants' motions for sanctions with regard to claims on which they had prevailed at summary judgment and denying, without prejudice, motions for sanctions on claims on which defendants' motions for summary judgment were denied without prejudice).

## Conclusion

Autodesk's motion for sanctions, document no. 77, is denied, but without prejudice to Autodesk moving for sanctions

3

if and when it receives a favorable disposition of EastCoast's infringement action.

   SO ORDERED.

   _____
   Landya McCafferty
   United States District Judge

September 9, 2014

cc:  Thomas Tracy Aquilla, Esq.
     Kenneth C. Bartholomew, Esq.
     Robert F. Callahan, Jr., Esq.
     Joel M. Freed, Esq.
     Kyle L. Harvey, Esq.
     Damian R. Laplaca, Esq.
     Michael S. Lewis, Esq.
     Richard C. Nelson, Esq.
     Alexander P. Ott, Esq.
     Steven R. Pedersen, Esq.
     Donald J. Perreault, Esq.
     Rolf O. Stadheim, Esq.
     George C. Summerfield, Esq.