UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

East Coast Sheet Metal
Fabricating Corp., d/b/a
East Coast CAD/CAM

   v.                                  Civil No. 12-cv-517-LM
                                     Opinion No. 2014 DNH 193
Autodesk, Inc.

**O R D E R**

In this patent case, a dispute has arisen as a result of the unintentional production of an allegedly privileged document. Specifically, among a set of documents produced to Autodesk, Inc. ("Autodesk") by East Coast Sheet Metal Fabricating Corp ("EastCoast"), Autodesk located an e-mail between EastCoast and an attorney. Before the court is Autodesk's motion (doc. no. 86) seeking the court's permission to use the e-mail.

**Background**

The parties are litigating claims involving patent infringement, breach of fiduciary duty, fraud, and unjust enrichment. At the start of litigation, the parties agreed to be bound by a confidentiality agreement. The court then entered that agreement as a protective order, which states in relevant part:

> If documents . . . subject to a claim of attorney-client privilege . . . [are] inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege . . . .

Doc. no. 42 at ¶ 10. The protective order contains no language requiring a party to take reasonable measures to avoid inadvertent disclosure.

On June 22, 2014, Autodesk discovered an e-mail among documents that EastCoast produced during discovery that appeared to relate to the representation of EastCoast. The e-mail was between EastCoast and a lawyer, discussing information the lawyer required in order to decide whether to represent EastCoast. EastCoast did not retain that lawyer as counsel. Autodesk's use of that e-mail is at issue here.

Autodesk claims that the e-mail is not privileged because it is a communication between a lawyer and a potential client, or in the alternative, that EastCoast has waived its privilege by inadvertently disclosing it. EastCoast objects, claiming that the document is protected by attorney-client privilege. EastCoast further claims that it did not waive that privilege because discovery in this case is governed by the protective order, which prevents a waiver when a privileged document is inadvertently disclosed.

**Discussion**

**I. Applicable Law**

Because jurisdiction over EastCoast's patent infringement claim is based upon 28 U.S.C. § 1338, federal common law of privilege applies to this case. Fed. R. Evid. 501. Further, "[a] federal privilege applies even if a federal civil action combines state and federal law claims and the asserted privilege is relevant to both claims." Hughes v. S. N.H. Servs., Inc., 11-CV-516-SM, 2012 WL 5303298, *4 (D.N.H. Oct. 25, 2012) (quoting Shea v. McGovern, 08-12148-MLW, 2011 WL 322652, at *5 (D. Mass. Jan. 31, 2011)).  Thus, even though EastCoast asserts state law claims in addition to its patent infringement claim, the federal common law of privilege governs all claims asserted in this case.

**II. Attorney-Client Privilege**

Under federal law, the party claiming a privilege bears the burden of showing that a document is privileged and that the privilege has not been waived. Hughes, 2012 WL 5303298, at *2 (quoting In re Grand Jury Subpoena (Mr. S.), 662 F.3d 65, 71 (1st Cir. 2011)).  To meet that burden, the party must make four showings:

> 1) that he was or sought to be a client of the attorney; 2) that such attorney, in connection with

>   the document, acted as a lawyer; 3) that the document
>   relates to facts communicated for the purpose of
>   securing a legal opinion, legal services or assistance
>   in a legal proceeding; and 4) that the privilege has
>   not been waived.

Pacamor Bearings, Inc. v. Minebea Co., 918 F. Supp. 491, 510 (D.N.H. 1996); see also Mr. S., 662 F.3d at 71; United States v. Wilson, 798 F.2d 509, 512 (1st Cir. 1986).  EastCoast has met its burden by showing that the e-mail was a confidential communication sent by EastCoast for the purpose of seeking the recipient lawyer's legal advice.

### III. Waiver

Next, the court must determine whether EastCoast has waived the attorney-client privilege.  "A federal court may order that the privilege or protection is not waived by disclosure connected with the litigation pending before the court." Fed. R. Evid. 502(d).  Here, the court did just that.  In paragraph 10 of the protective order, the court ordered that a party does not waive attorney-client privilege by inadvertently disclosing a privileged document during discovery.

Despite the protection against waiver provided by the protective order, Autodesk implies that because EastCoast did not take reasonable measures to prevent inadvertent disclosure of privileged documents, EastCoast has waived the privilege.

4

Borrowing the reasonableness language that appears in Rule 502(b), many courts have read a reasonableness requirement into Rule 502(d).  See Paul W. Grimm, Lisa Yurwit Bergstrom, Matthew P. Kraeuter, Federal Rule of Evidence 502: Has It Lived Up to Its Potential?, 17 Rich. J.L. & Tech. 8, 78-83 (2011)(collecting and discussing cases).  However, this court declines to do so.

Federal Rule of Evidence 502(d) was adopted for the express purpose of allowing parties to limit the costs associated with screening documents produced during discovery for privileged material.  See Fed. R. Evid. 502 advisory committee's note.  To accomplish this, Rule 502

> seeks to provide a predictable, uniform set of standards under which parties can determine the consequences of a disclosure of a communication or information covered by the attorney-client privilege or work-product protection.  Parties to litigation need to know, for example, that if they exchange privileged information pursuant to a confidentiality order, the court's order will be enforceable.

Id.  Inserting a reasonableness requirement into Rule 502(d) would thwart this purpose.  See Grimm et al., supra, at 91.

Accordingly, the protective order entered in this case controls the question presented here.  That order provides that no waiver occurs as a result of inadvertently-produced privileged documents, without regard to the measures a party takes to prevent disclosure.  It is undisputed that EastCoast's

5

production of the privileged document was unintentional. Therefore, as the protective order provides, EastCoast did not waive its privilege.

### Conclusion

Autodesk's motion for *In Camera* Review and Order Permitting Use of Document (doc. no. 86) is denied. The two related motions to seal (doc. nos. 87 and 102) are granted.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

September 16, 2014

cc: Thomas Tracy Aquilla, Esq.
    Kenneth C. Bartholomew, Esq.
    Robert F. Callahan, Jr., Esq.
    Joel M. Freed, Esq.
    Kyle L. Harvey, Esq.
    Damian R. Laplaca, Esq.
    Michael S. Lewis, Esq.
    Richard C. Nelson, Esq.
    Alexander P. Ott, Esq.
    Steven R. Pedersen, Esq.
    Donald J. Perreault, Esq.
    Rolf O. Stadheim, Esq.
    George C. Summerfield, Esq.