UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

East Coast Sheet Metal
Fabricating Corp., d/b/a
EastCoast CAD/CAM

    v.                                            Civil No. 12-cv-517-LM
                                                      Opinion No. 2014 DNH 217

Autodesk, Inc.

**O R D E R**

East Coast Sheet Metal Fabricating Corp. ("EastCoast") has asserted six claims against Autodesk, Inc. ("Autodesk"), including one in which it claims that Autodesk is liable for infringing three of its patents.  Before the Court is Autodesk's motion for partial summary judgment in which it seeks judgment as a matter of law that if EastCoast prevails on its infringement claims, its damages are limited to those it may have suffered after it filed its complaint.[1]  According to Autodesk, EastCoast has not pled, and cannot prove at trial, that it provided either the constructive or actual notice of its patent rights.  Such notice, in turn, is a necessary prerequisite for an award of pre-complaint damages.  EastCoast objects.  For the reasons that follow, Autodesk's motion for partial summary judgment is denied.

---

[1] Autodesk has requested oral argument on its motion, "due to the complexities of the legal issues raised" in it.  Def.'s Mot. Summ. J. (doc. no. 100) 1.  I find, however, that oral argument on this motion is unnecessary.

**The Legal Standard**

"Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Ponte v. Steelcase Inc., 741 F.3d 310, 319 (1st Cir. 2014) (quoting Cortés-Rivera v. Dept. of Corr., 626 F.3d 21, 26 (1st Cir. 2010)); see also Fed. R. Civ. P. 56(a).  When ruling on a summary-judgment motion, the court must "view[] the entire record 'in the light most hospitable to the party opposing summary judgment, indulging all reasonable inferences in that party's favor.'"  Winslow v. Aroostook Cnty., 736 F.3d 23, 29 (1st Cir. 2013) (quoting Suarez v. Pueblo Int'l, Inc., 229 F.3d 49, 53 (1st Cir. 2000)).

"The nonmovant may defeat a summary judgment motion by demonstrating, through submissions of evidentiary quality, that a trialworthy issue persists."  Sánchez-Rodríguez v. AT&T Mobility P.R., Inc., 673 F.3d 1, 9 (1st Cir. 2012) (quoting Iverson v. City of Boston, 452 F.3d 94, 98 (1st Cir. 2006)). Thus, "[c]onclusory allegations, improbable inferences, and unsupported speculation, are insufficient to establish a genuine dispute of fact."  Travers v. Flight Servs. & Sys., Inc., 737 F.3d 144, 146 (1st Cir. 2013) (quoting Triangle Trading Co. v. Robroy Indus., Inc., 200 F.3d 1, 2 (1st Cir. 1999)).  "Rather, the party seeking to avoid summary judgment must be able to point to specific, competent evidence to support his [or her]

2

claim." Sánchez-Rodríguez, 673 F.3d at 9 (quoting Soto-Ocasio v. Fed. Ex. Corp., 150 F.3d 14, 18 (1st Cir. 1998)) (internal quotation marks omitted).

### Discussion

The issue before the court is the sufficiency of the notice of its patent rights that EastCoast provided to potential infringers before it filed its infringement claims against Autodesk. Regarding this issue, the Patent Act provides, in pertinent part:

> Patentees, and persons making, offering for sale, or selling within the United States any patented article . . . may give notice to the public that the same is patented, either by fixing thereon the word "patent" or the abbreviation "pat.", together with the number of the patent, or by fixing thereon the word "patent" or the abbreviation "pat." together with an address of a posting on the Internet, accessible to the public without charge for accessing the address, that associates the patented article with the number of the patent, or when, from the character of the article, this can not be done, by fixing to it, or to the package wherein one or more of them is contained, a label containing a like notice. In the event of failure so to mark, no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice. Filing of an action for infringement shall constitute such notice.

35 U.S.C. § 287(a). Notice by marking is typically referred to as constructive notice, see Monsanto Co. v. Bowman, 657 F.3d 1341, 1348 (Fed. Cir. 2011) (citations omitted), while notifying

an alleged infringer directly is referred to as actual notice, see id.

All appear to agree that the issue before the court is constructive notice. According to Autodesk, EastCoast waived its right to pre-complaint damages because it failed to adequately plead marking in its amended complaint. The court does not agree.

The patentee has "the burden of pleading and proving at trial that she complied with the statutory [marking] requirements." Maxwell v. J. Baker, Inc., 86 F.3d 1098, 1111 (Fed. Cir. 1996) (citing Motorola, Inc. v. United States, 729 F.2d 765, 770 (Fed. Cir. 1984); Dunlap v. Schofield, 152 U.S. 244, 248 (1894)). In a case that interprets Maxwell, the Federal Circuit explained:

> That case [i.e., Maxwell], however, only makes the bare statement that the plaintiff "had the burden of pleading and proving at trial that she complied with the statutory requirements." [86 F.3d at 1111.] The Maxwell court ultimately found that the plaintiff not only pleaded but proved such compliance. More relevant to the present case is the Supreme Court's statement, in reference to both actual notice and marking, that "the duty of alleging and the burden of proving either of these facts is upon the plaintiff." Dunlap v. Schofield, 152 U.S. 244, 248 (1894). Under the rule announced in Dunlap, Sentry's pleading that the "infringements have been willful and with full knowledge of the '611, and '781 patents" was sufficient. See id. at 249 (requiring a pleading equivalent to "with a knowledge of the patent and of his infringement [ ]" and "holding the patentee to allege . . . notice to the public or to the defendant, from which such knowledge must necessarily be

4

> inferred" (internal quotation marks omitted)).
> Accordingly, Sentry did not waive its marking argument
> by failing to plead notice.

Sentry Prot. Prods., Inc. v. Eagle Mfg. Co., 400 F.3d 910, 918 (Fed. Cir. 2005) (parallel citations omitted). Here, EastCoast's second amended complaint includes the following allegations:

> Despite its knowledge of EastCoast's patents, coupled
> with its knowledge that its own products were covered
> by those patents, Autodesk has continued to produce
> infringing products in disregard [of] EastCoast['s]
> patent rights, and without a reasonable basis to
> believe it had a right to do so.

Second Am. Compl. (doc. no. 26) ¶ 41. Based upon those allegations, EastCoast further alleges that "Autodesk's infringement has been willful." Id. ¶ 42. Moreover, because Autodesk invoked 35 U.S.C. § 287 as an affirmative defense in its answer, see doc. no. 32, at 17, this is not a case such as Cognex Corp. v. Microscan Systems, Inc., 990 F. Supp. 2d 408 (S.D.N.Y. 2013), in which a defendant would have been prejudiced by the introduction of a claim for pre-complaint damages in an amended complaint filed after the close of discovery, see id. at 417. In short, and in light of Sentry and Cognex, the court rejects Autodesk's argument that EastCoast waived its right to seek pre-complaint damages by failing to plead constructive notice.

Autodesk's primary argument, i.e., that EastCoast cannot prove constructive notice at trial, is also unavailing.  At a deposition, EastCoast's president, David Derocher, testified that EastCoast sold its patented products before it sued Autodesk.  See Def.'s Reply, Ex. A., Derocher Dep. (doc. no. 105-1) 74:4-8, Dec. 11, 2013.  His testimony continued:

>     Q.   Do you mark the products with any of the
> patent numbers of Exhibits 1, 2 and 3?
>
>     A.   Yes.
>
>     Q.   When did you start marking them with that?
>
>     A.   I don't recall.
>
>     Q.   How do you mark them with the patent numbers?
>
>     A.   I don't recall.  I'd have to look at the
> . . . product.
>
>     Q.   Were you in charge of marking them with the
> patent numbers or was somebody else in charge of that?
>
>     A.   I directed it.
>
>     Q.   Who did you direct to do that?
>
>     A.   I don't recall.  And it may have been
> different at different times.
>
> . . . .
>
>     Q.   Did you mark the products before you sued
> Autodesk?
>
>     A.   I believe so.
>
>     Q.   What makes you believe that?
>
>     A.   Just my . . . memory.

Id. at 74:18-75:25.  Based upon the foregoing testimony, and Derocher's testimony that he could not recall exactly when EastCoast provided Autodesk with actual notice of its patent rights, see Def.'s Mem. of Law, Freed Decl., Ex. A, Derocher Dep. (doc. no. 100-3) 85:7-11, Dec. 11, 2013, Autodesk argues that EastCoast cannot carry its burden of proving that it provided any notice of its patent rights, either constructive or actual, before it filed its patent claims.

EastCoast responds by arguing that it has produced evidence of constructive notice.  In support of that argument, EastCoast provides a declaration from Derocher that includes the following relevant statements:

> The first patent issued on March 3, 2009.  On July 30, 2009, I instructed EastCoast employees to mark our product compact discs ("CD") with the following words: . . . . ["]All Design to Fabrication™ products sold by EastCoast CAD/CAM are covered by U.S. Patent Number 7,499,839 B2.  All rights are reserved."
>
> Thereafter, EastCoast consistently marked all CDs containing its products that practice the patented invention with the numbers of the patents that were in effect as of the date of manufacture of the CD.  After it obtained the other patents, there was no change to the content of the marking, other than to make the word "patent" plural and to add the additional patent number[s].  To my knowledge, all CDs manufactured after July 30, 2009 contained the markings as described above.

Pl.'s Obj., Derocher Decl. (doc. no. 103-4) ¶¶ 4, 5.

7

Autodesk responds to the Derocher declaration by: (1) contending that Derocher lacks personal knowledge of the matter; and (2) arguing, in reliance upon Moore U.S.A., Inc. v. Standard Register Co., 229 F.3d 1091, 1112 (Fed. Cir. 2000), that the allegations in Derocher's declaration are entirely lacking in factual support. Autodesk's reliance upon Moore in entirely misplaced.

In Moore, the declaration that lacked sufficient factual support was a declaration by Moore's counsel. See 229 F.3d at 1112. The declaration at issue here, however, was made by a probable witness who is an officer in the defendant company. Rather than lacking factual support, Derocher's declaration is factual support, and the court is not persuaded by Autodesk's contention that Derocher lacks adequate personal knowledge of the matters on which he has testified. Autodesk is, of course, free to cross examine Derocher, but the court cannot say, as a matter of law, that Derocher is incompetent to testify about the facts establishing constructive notice.

Finally, given Autodesk's challenges to Derocher's declaration, the court notes that even without the declaration, Derocher's deposition testimony alone is sufficient to create a genuine factual dispute concerning constructive notice. See Travers, 737 F.3d at 146 (explaining that a factual "dispute [is] genuine of a reasonable jury, drawing favorable inferences,

8

could resolve it in favor on the nonmoving party") (quoting Triangle Trading, 200 F.3d at 2) (internal quotation marks omitted). Autodesk correctly points out that Derocher testified that he could not recall when EastCoast started marking its products. But, Derocher also testified that, notwithstanding his inability to pinpoint when EastCoast started marking its products, he believed that EastCoast was marking its products before it sued Autodesk. Given Derocher's testimony that he gave the directive to mark EastCoast's products, his testimony that EastCoast was doing so before it sued Autodesk is enough to allow EastCoast to present evidence regarding its entitlement to pre-complaint damages at trial.

## Conclusion

For the reasons described above, Autodesk's motion for partial summary judgment, document no. 100, is denied.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

October 6, 2014

cc:   Thomas Tracy Aquilla, Esq.
      Kenneth C. Bartholomew, Esq.
      Robert F. Callahan, Jr., Esq.
      Joel M. Freed, Esq.

9

Kyle L. Harvey, Esq.
Damian R. Laplaca, Esq.
Michael S. Lewis, Esq.
Richard C. Nelson, Esq.
Alexander P. Ott, Esq.
Steven R. Pedersen, Esq.
Donald J. Perreault, Esq.
Artem N. Sokolov, Esq.
Rolf O. Stadheim, Esq.
George C. Summerfield, Esq.